**HOT SHOT QUALITY PRODUCTS, INC., Plaintiff-Appellant,**

v.

**SIFERS CHEMICALS, INC., Defendant-Appellee.**

No. 71–1088.

United States Court of Appeals, Tenth Circuit.

Dec. 29, 1971.

Lewis S. Garner, Chicago Ill. (John H. Widdowson, Wichita, Kan., was with him on the brief), for plaintiff-appellant.

Robert D. Hovey, Kansas City, Mo. (Donald E. Johnson of Schmidt, Johnson, Hovey & Williams, Kansas City, Mo., George Maier, Jr., of Weeks, Thomas, Lysaught, Bingham & Johnston, Kansas City, Kan., of counsel; were with him on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, and HOLLOWAY and DOYLE, Circuit Judges.

PER CURIAM.

This is a trademark infringement and unfair competition action brought by plaintiff, Hot Shot Quality Products, Inc., as the manufacturer of an insecticide marketed under the registered trademark "Hot Shot." Plaintiff sought injunctive relief against defendant as the manufacturer of a carpet stain remover marketed under the registered trademark "Spot Shot." Plaintiff's registration was obtained in 1956, defendant's in 1967, and both products are now enjoying quite wide distribution and sales throughout the nation. After trial in the District Court for the District of

---

4. Negrich v. Hohn, 246 F.Supp. 173 (W.D.Penn.1965), aff'd, 379 F.2d 213 (3rd Cir. 1967).

Kansas, submitted in large part upon stipulated facts, that court entered judgment for defendant, supported by findings and conclusions contrary to plaintiff's contentions on all determinative issues. This appeal followed, plaintiff-appellant contending that the court erred in finding

(a) the trademark Hot Shot was descriptive in nature and had acquired no secondary meaning, and

(b) the trademark Spot Shot for a carpet stain remover was not likely to cause confusion of source with the product Hot Shot brand of insecticide.

■ We do not think disposition of this case requires specific consideration of plaintiff's contention that the trial court erred in finding the trademark Hot Shot to be descriptive of its product, an insecticide. Even assuming that this trademark is not weakened as being one of functional description, the judgment below is clearly sustained by the further finding that no likelihood of buyer confusion exists as to product or source. Likelihood of confusion in either regard is a question of ultimate fact to be determined, in this case, by allowable inference from undisputed evidence. This court will not disturb such a finding absent clear error. Drexel Enterprises, Inc. v. Richardson, 10 Cir., 312 E.2d 525, and cases cited.

■ The record contains no evidence of actual buyer confusion and plaintiff relies substantially upon the phoenetic similarity between the two trademarks and the fact that both products are packaged in aerosol cans and are retailed through similar outlets such as supermarkets. However many products are so packaged and so marketed and the subject products are distinctly labeled and in clearly distinguishable containers. Plaintiff makes no appellate claim concerning product confusion and thus is left with the burden of persuading us that the record establishes that the trademark Hot Shot brings to the mind of the consuming public not a product but a producer. We are not so persuaded, for as the trial court noted, and, contrary to plaintiff's present argument, properly emphasized, thirteen other registrations for the trademark Hot Shot have been issued by the Patent Office to separate registrants for products varying greatly in nature.

Affirmed.